Uploaded: 2022SEP09 15:26 Filed By:Bar# 84720 JBERMAN Reference: EF-109106
E-Filed: 2022SEP09 DINWIDDIE CC DSNEAD at 2022SEP12 11:42 CL22000667-00

**VIRGINIA:**

## IN THE CIRCUIT COURT FOR DINWIDDIE COUNTY

**ANTHONY TURNER-McNEILL, JR.**
475 Ridgewood Drive
Southern Pines, NC  28387

    Plaintiff

**v.**

**HAMZE DAHIR NUR**
1300 Autumn Drive, Apt. 109
Fairbault, MN 55021

    and

**KARDAN TRUCKING, INC.**
8520 Allison Pointe Boulevard
Suite 220
Indianapolis, IN 46250

Case # CL22-667

**Serve:**
Sarvar Muradov, Resident Agent
8520 Allison Pointe Boulevard
Suite 220
Indianapolis, IN 46250

    Defendants

## COMPLAINT

**COMES NOW**, Plaintiff, Anthony Turner-McNeill, Jr. (hereinafter "Plaintiff"), by counsel, Joshua S. Berman and Dross Berman LLC, and moves this Honorable Court for judgment in the amount of One Million Dollars ($1,000,000.000) as damages due and owing, and in support thereof, states the following:

1.     Plaintiff is an adult male residing in Southern Pines, North Carolina.

1



2. Upon information and belief, Defendant Hamze Dahir Nur (hereinafter "Nur") is an adult male residing in Fairbault, Minnesota.

3. Upon information and belief, Defendant Kardan Trucking, Inc. (hereinafter "Kardan Trucking") is a corporation with principal offices located in Indianapolis, Indiana.

4. At all times relevant herein, Defendant Nur was acting within the scope of his employment, and/or as agent, for Defendant Kardan Trucking.

5. This Court has subject matter jurisdiction over this action and venue is proper.

6. That on or about September 23, 2020, at approximately 2:00 p.m., the Plaintiff was operating his motor vehicle on northbound Interstate 85 at or near mile marker 4860 in Dinwiddie County, Virginia. Plaintiff was traveling in the left lane.

7. At said time and place, Defendant Nur was operating a tractor-trailer traveling in the right lane on Interstate 85, ahead of Plaintiff's vehicle.

8. Defendant Nur made an unsafe lane change in front of Plaintiff's vehicle causing an impact between the said vehicles and thereby causing Plaintiff to veer off of the roadway and strike a ditch causing Plaintiff's vehicle to overturn causing serious and permanent injuries to the Plaintiff.

## COUNT I
### (Negligence of Defendant/Vicarious Liability)

Plaintiff incorporates by reference each and every allegation as set forth in paragraphs 1 through 8, inclusive, in the same force and effect as though they were herein fully and specifically set forth in detail, and further alleges as follows:

9. At all times relevant herein, it was the duty of Defendant Nur to use ordinary

2

and reasonable care in the operation of his vehicle, to keep the vehicle he was driving under proper control, to pay full time and attention to the operation of said vehicle, to yield the right of way, to obey all traffic and safety laws and regulations, and/or to drive said vehicle in a reasonable, careful, and prudent manner with due regard for the safety of others.

10. Notwithstanding said duties, Defendant Nur did carelessly and negligently operate his vehicle so as to cause a collision with Plaintiff's vehicle.

11. Defendant Nur's negligent acts and/or omissions include but are not limited to the following:

    a. failure to yield the right-of-way; and/or

    b. failure to make a safe lane change; and/or

    c. failure to timely apply brakes; and/or

    d. failure to avoid the collision; and/or

    e. failure to maintain his vehicle under proper control; and/or

    f. failure to keep a proper lookout; and/or

    g. failure to pay full time and attention to the operation of her motor vehicle; and/or

    h. failure to comply with the applicable Commonwealth of Virginia Motor Vehicles Regulations then and there in effect; and/or

    i. failure to otherwise operate said vehicles in a reasonable, careful, and prudent manner.

12. The actions of Defendant Nur, listed in paragraph 9 above, were in violation of Virginia Code §46.2-833.

13. Section 46.2-833 of the Code of Virginia, was enacted for safety and benefits of motorists, a class to which the Plaintiff was a member.

3

14. As a direct and proximate result of the negligence of Defendant Nur, for which Defendant Kardan Trucking is vicariously liable, Plaintiff has sustained damages, including but not limited to physical injuries, extreme mental anguish, emotional pain and suffering, lost income, pecuniary damages, and other damages, all of which have been present since the happening of the occurrence, and all of which are continuing and/or permanent.

## AD DAMNUM

WHEREFORE, the Plaintiff demands judgment against the Defendants, Hamze Dahir Nur and Kardan Trucking, Inc., individually and/or jointly and severally, for compensatory damages in the amount of ONE MILLION ($1,000,000.00), plus costs on his behalf expended, and interest from the date of negligence in this case, as allowed by law.

## JURY TRIAL REQUEST

Plaintiff, by counsel, respectfully requests trial by jury.

**ANTHONY TURNER-McNEILL**
By Counsel

DROSS BERMAN LLC

Joshua S. Berman, VSB# 84720
11140 Rockville Pike, Suite 500
Rockville, MD 20852
(240)403-7200
(240)667-1673 (fax)
Josh@drossberman.com